UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Criminal Action No. 19-cr-227-CMA

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

1.    CRAIG MICHAEL PEARSON
2.    **LUIS FABIAN ORTIZ**
3.    JESUS ADRIAN PADILLA-ECHEVERRIA
4.    LUIS RENE ZAVALA-ACOSTA

        Defendant.

_____

### DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT [Doc 97]
_____

The defendant, Luis Fabian Ortiz through counsel Dana M. Casper hereby files the following objections to the PSIR and **AS GROUNDS**, states as follows:

1.    The defendant Mr. Ortiz objects to paragraph 37 which sets forth the position that the offense level is 38. It is Mr. Ortiz' contention that under the rules of relevant conduct as outlined in U.S.S.G.§1B1.3 he is only accountable for the 516.6 grams of methamphetamine that was sold to the UC on April 25, 2019 which would result in a base offense level of 34 or 30 depending on whether this Court determines the base offense level should be determined based on an actual methamphetamine or a mixture of methamphetamine calculation. It is Mr. Ortiz' position that a mixture of methamphetamine calculation should be used resulting in a base offense level of 30.

Regarding the 899.3 grams of methamphetamine found in a juvenile male's

1

jacket, Mr. Ortiz contends it is not reasonably foreseeable that a juvenile male would enter The Apartment after Mr. Ortiz had already been arrested, obtain 899.3 grams of methamphetamine, conceal it in his jacket and be apprehended by law enforcement shortly thereafter.  As stipulated to in the statement of facts in the plea agreement, once the drug transaction occurred between co-defendant Mr. Pearson, Mr. Ortiz and the UC, Mr. Ortiz and Mr. Pearson were immediately arrested.  Further, this drug transaction and Mr. Ortiz' subsequent arrest did not occur at the location referred to as "The Apartment."  Rather, it occurred in the parking lot of the Winslow Court Retirement Community, located at 3920 E San Miguel Street at approximately 2:10 pm.   After Mr. Ortiz was arrested and in custody, he identified the specific apartment (Apartment D) to case agents where he had obtained the methamphetamine that was sold to the UC.  While law enforcement officers were in the process of obtaining a search warrant for Apartment D, case agents were conducting surveillance at the location.  At approximately 4:20 pm they observed a juvenile male, who Mr. Ortiz did not know, enter The Apartment, stay for approximately 10-minutes and return to his car parked in the parking lot.  As this male left The Apartment, he was seen holding his jacket in a way that appeared he was concealing something.  He was detained by law enforcement officers and during a subsequent search of his car, 899.3 grams of methamphetamine was found in his jacket which was laying on the front passenger seat.

Regarding the 3115.5 grams of methamphetamine found in The Apartment pursuant to the search warrant, Mr. Ortiz contends he is not accountable for this quantity of methamphetamine because it was not reasonably foreseeable he had knowledge of all the methamphetamine that was found inside The Apartment pursuant

2

to the search warrant.  There is no indication that Mr. Ortiz was inside The Apartment for no more a few moments, as he and Mr. Pearson left the Winslow Court Retirement Community located at 3920 E San Miguel St. at approximately 1:52 pm, drove to 1128 Potter Drive, and Mr. Ortiz was seen walking from The Apartment at 2:00 pm.   Also, there is no indication that Mr. Ortiz had been to The Apartment at any other time except briefly on April 25, 2019 and he otherwise had no connection to The Apartment.

     2.    Mr. Ortiz also objects to paragraph 38, which does not reflect a 2-point reduction in the offense level even though Mr. Ortiz meets the criteria set forth in USSG §2D1.1(b)(18).  The justification for this omission is that the current version of the United States Sentencing Guidelines does not yet incorporate the First Step Act changes to 18 U.S.C.§3553(f).  It is Mr. Ortiz' position that because he meets the Safety Valve Criteria, he is eligible for a 2-level decrease of the offense level.

     The plain reading of U.S.S.G. §2D1.1(18) states:

> "If the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of §5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) decrease by 2 levels.

Mr. Ortiz agrees and the probation officer concurs that Mr. Ortiz meets the Safety Valve Criteria.  Thus, based on the plain reading of U.S.S.G.§2D1.1(18),2-levels should be deducted from his offense level.  The probation officer does not cite any legal authority for the position that the 2-level decrease should be incorporated as a variance instead.  Therefore, Mr. Ortiz objects to the Court incorporating a 2-level decrease into any type of variance and contends the appropriate mechanism for the 2-level decrease is achieved by decreasing the base offense level by 2-levels.

     3.    Regarding paragraph 42, Mr. Ortiz objects to the calculation of the

adjusted offense level of 38.  Rather, Mr. Ortiz contends the adjusted offense level is 28 based on a mixture of methamphetamine calculation for possession with intent to distribute 516.6 grams of methamphetamine.

4. Mr. Ortiz also objects to paragraph 46 whereby the probation department concludes that the total offense level is 35.  As stated herein, it is Mr. Ortiz' position that the total offense level is 25 based on a mixture of methamphetamine calculation for possession with intent to distribute 516.6 grams of methamphetamine.

5. Mr. Ortiz concurs with probation's assessment that his prior criminal record places him in criminal history category II.   As stated herein, Mr. Ortiz believes the Court should calculate the offense level based on a mixture or substance methamphetamine calculation.  If the Court finds that Mr. Ortiz is legally accountable for only 516.6 grams of methamphetamine, it is his position that with a criminal history category II and an offense level of 25, his guideline sentencing range is 63-78 months imprisonment.  Alternatively, if the Court uses an actual methamphetamine calculation for 516.6 grams of methamphetamine, it is Mr. Ortiz' position that with a criminal history category II and an offense level of 29, his guideline sentencing range is 97-121 months imprisonment.

**DATED** this 3rd day of February 2020

        s/Dana M. Casper
        **DANA M. CASPER PC**
        **Dana M. Casper, #21149**
        Attorney for Luis Fabian Ortiz
        501 S. Cherry St., Suite 1100
        Denver, Colorado 80246
        (303) 333-2276-phone
        (303) 496-6766-fax

## CERTIFICATE OF SERVICE (CM/ECF)

I certify that February 3,2020 I electronically filed the foregoing **Defendant's Objections to Presentence Investigation Report [doc 97]** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Assistant United States Attorney Andrea Surratt
United States Attorney's Office, District of Colorado
Andrea.Surratt@usdoj.gov
1801 California St., Suite 1600
Denver, CO. 80202
(303) 454-0100

                s/Dana M. Casper
                **DANA M. CASPER PC**
                **Dana M. Casper, #21149**
                Attorney for Luis Fabian Ortiz
                501 S. Cherry St., Suite 1100
                Denver, Colorado 80246
                (303) 333-2276-phone
                (303) 496-6766-fax