IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 19-cr-227-CMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

2.  LUIS FABIAN ORTIZ,

      Defendant.

---

### GOVERNMENT'S RESPONSE TO DEFENDANT ORTIZ'S PSR OBJECTIONS

---

The United States of America, by and through the undersigned Assistant United States Attorney, hereby submits the following response to defendant Luis Fabian Ortiz's objections to the Presentence Investigation Report ("PSR") (Dkt #126):

- <u>Offense Level/Drug Amounts</u>: As the Court knows, after Pearson agreed to sell methamphetamine to the UC, it was Ortiz who was able to obtain the drugs from his (Ortiz's) supplier.  That supplier turned out to be co-defendants Padilla and Zavala-Acosta, who Pearson located through a third individual who is not charged in this case.  Padilla and Zavala-Acosta were living in a stash house (the "Apartment") with heroin and methamphetamine.  In his plea agreement (Dkt #82), the Government held Ortiz responsible for all of the methamphetamine that was located in the Apartment and that which was sold out of the Apartment that same day.  However, the Government's investigation has revealed that Ortiz likely did not know how much—if any—additional methamphetamine was in the Apartment.  In fact, the occupants of the Apartment, who had never met Ortiz prior to the day of the arrests, would have undoubtedly taken care

to keep that information from Ortiz, even if he had sought to learn it.  *See* U.S.S.G. § 1B1.3.  Accordingly, the methamphetamine in the stash house was not reasonably foreseeable to Ortiz, and the Government agrees he should not be held responsible for it.  The Government therefore agrees that Pearson should be responsible for just the methamphetamine sold to the UC on April 25, 2019, that is, 516.6 grams of mixtures and substances containing and detectable amount of 99% pure methamphetamine, or 511.43 grams of pure methamphetamine.  Pursuant to § 2D1.1, this quantity of methamphetamine results in a base offense level of 34.

- U.S.S.G. § 2D1.1(b)(18) and 18 U.S.C. § 3553(f): The parties agreed in the plea agreement that Ortiz met the safety valve criteria in Section 3553(f).   However, because the current version of the Guidelines does not incorporate the new, more lenient safety valve provision of the First Step Act, he remains technically ineligible for the two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(18).  The Government agrees with the probation department that this two-level reduction should be applied as a variance.

Respectfully submitted this 4th day of February, 2020.

JASON R. DUNN
United States Attorney

By:     *s/ Andrea Surratt*
Andrea Surratt
Assistant United States Attorney
U.S. Attorney's Office
1801 California St., Suite 1600
Denver, CO 80202
Telephone: (303) 454-0100
e-mail:  Andrea.Surratt@usdoj.gov

2